UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff(s),<br>   v.<br><br>BRADFORD HINES,<br><br>                    Defendant(s). | CASE NO. CR15-0337-KKE<br><br>ORDER GRANTING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE |

Defendant Bradford Hines has served more than eight years of a 10-year term of supervised release, and now requests early termination of supervised release. *See* Dkt. No. 26; Dkt. No. 29 at 1. His request is opposed by U.S. Probation and the Government. Dkt. Nos. 32, 36. The Court held a hearing on the motion on May 22, 2025. Dkt. No. 40. The Court enters this order memorializing the oral ruling granting Hines's motion because continued supervision would not serve the interests of justice.

### I.    BACKGROUND

In September 2008, Hines pleaded guilty to possession of child pornography in the U.S. District Court for the District of Nevada, and pleaded no contest to a state charge of attempted kidnapping in the second degree. Dkt. No. 32. Hines completed his federal incarceration in 2013, and was transferred to state custody until his release in 2017. Dkt. No. 29 at 3. While incarcerated, Hines completed a master's degree and attended thousands of hours of education classes in topics

ORDER GRANTING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE - 1

including parenting, anger management, and narcotics anonymous. *Id*. Upon his release, Hines moved to the Western District of Washington and his supervision was transferred to this district. Dkt. No. 1. While on supervision, Hines has completed sex offender treatment and has been found in violation of his supervision conditions three times, based on urinalysis test results positive for alcohol. *See* Dkt. Nos. 27, 28, 32, 37.

In 2022, the Court granted Hines's request for a reduction of his supervision term to 10 years. Dkt. No. 26. Hines now requests early termination of supervised release, arguing that in acknowledgement of his success on supervision, the Court should find that he has been successfully rehabilitated and that ongoing supervision would not serve a useful purpose. Dkt. No. 29 at 7.

## II.     ANALYSIS

A district court has "broad discretion in determining whether to grant a motion to terminate supervised release." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). After considering a subset of the sentencing factors listed in 18 U.S.C. § 3553(a), a court may terminate a term of supervised release after one year has expired "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]" 18 U.S.C. § 3583(e)(1). The sentencing factors relevant here are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to afford adequate deterrence to criminal conduct; (3) the need to protect the public from further crimes of the defendant; (4) the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner; (5) the kinds of sentence and the sentencing range established for the category of offense and category of defendant; (6) any pertinent policy statement issued by the United States Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the

need to provide restitution to any victims of the offense. *Id*. A defendant requesting early termination of supervision bears the burden "to demonstrate that such a course of action is justified." *United States v. Weber*, 451 F.3d 552, 559 n.9 (9th Cir. 2006).

Probation's opposition to Hines's motion speaks to the first factor, specifically the nature of Hines's offense and his conduct on supervision. Probation highlights the seriousness of Hines's offense, particularly when his state conviction for attempted kidnapping of a child is considered alongside his federal conviction for possession of child pornography. Dkt. No. 32 at 3. Probation acknowledges that Hines has completed sex offender treatment since then, and that his treatment provider indicated that he did not see any need for continued supervision. *See id*. at 2. Probation, however, argues that ongoing supervision is still warranted and useful, primarily due to three urinalysis test results in 2024 and 2025 that were positive for alcohol. *Id*. at 3. Probation also cites a failed polygraph examination from 2023 relating to viewing child pornography, while acknowledging that a failed polygraph is not itself a violation.[1] *Id*. The Government filed a brief indicating that it opposes Hines's motion for the reasons articulated by Probation, but did not address the legal factors at issue on a motion for early termination of supervised release. Dkt. No. 36.

The Court acknowledges that the seriousness of Hines's past offenses weigh against early termination, but nonetheless finds that this factor is outweighed by the remaining factors. Hines has been supervised for more than eight years, and during that time he has consistently demonstrated his commitment to rehabilitation. He owns a successful business, volunteers in recovery support work, and has achieved meaningful reintegration with his family and his

---

[1] Hines notes that Probation's follow-up investigation after the failed polygraph did not result in any violations. Dkt. No. 29 at 5.

ORDER GRANTING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE - 3

community. Hines's friend and co-worker submitted letters in support of his request for early termination, attesting to his character and commitment to helping others. Dkt. Nos. 29-1, 35.

Probation and the Government acknowledged at the hearing that Hines deserves commendation for his actions in this regard, yet urged the Court to conclude from the positive urinalysis tests results that continued supervision is warranted. The Court does not find that the sporadic positive urinalysis results, which Hines attributes to prescription medication, indicate the need for continued supervision here, particularly when the link between alcohol use and Hines's criminal conduct is tenuous at best. Neither Probation nor the Government argued that continued urinalysis testing would serve to deter criminal conduct or protect the public, and the Court does not find that continuing supervision simply to allow continued urinalysis monitoring would serve the interests of justice. Finally, the record reflects that Hines has a robust support system independent of Probation, such that the need to provide "educational or vocational training, medical care, or other correctional treatment" no longer necessitates supervision.

For all of these reasons, the Court finds that Hines's conduct warrants an early termination of his term of supervised release and that granting Hines's motion will serve the interests of justice.

### III.    CONCLUSION

For these reasons, the Court GRANTS Defendant's motion. Dkt. No. 29.

Dated this 23rd day of May, 2025.

Kymberly K. Evanson
United States District Judge

ORDER GRANTING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE - 4